## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| KEEDRA JACKSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| | ) | 1:23-cv-03498-SDG-JKL |
| v. | ) | |
| | ) | |
| CITY OF STONECREST, GA, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT CITY OF STONECREST'S
## ANSWERS AND OBJECTIONS TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant City of Stonecrest ("Defendant" or the "City"), and hereby files its Answer and Objections pursuant to Rules 8, 12, and 15 of the Federal Rules of Civil Procedure ("Federal Rules"), responding as follows to the allegations of Plaintiff Keedra Jackson's ("Plaintiff") Complaint (the "Complaint").

## FIRST DEFENSE

Plaintiff fails to state a claim for relief.

## SECOND DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## THIRD DEFENSE

Defendant invokes all defenses, protections, and limitations of Title VII, the Georgia Whistleblower Act, and 42 U.S.C. § 1983.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent she has failed to exhaust her available remedies.

## FIFTH DEFENSE

Defendant has at all times acted in good faith with regard to Plaintiff and has not acted recklessly or maliciously with regard to her rights.

## SIXTH DEFENSE

Plaintiff's employment with Defendant was terminated for legitimate, non-retaliatory reasons and, as such, did not violate any state or federal law. Additionally, and/or alternatively, even were Plaintiff able to demonstrate that retaliation played a motivating part in the termination decision, the same action would have been taken for legitimate, non-retaliatory reasons.

## SEVENTH DEFENSE

Plaintiff made no disclosure nor engaged in any other activity protected under O.C.G.A. § 45-1-4. Additionally, and/or alternatively, any such disclosures were made with knowledge that they were false or with reckless disregard for their truth or falsity and/or Plaintiff lacked reasonable cause to believe that any action taken by Defendant was in violation or non-compliance with any law, rule, or regulation.

## EIGHTH DEFENSE

To the extent that Plaintiff complains of Defendant's actions and/or conduct toward Plaintiff during the course of her employment, Plaintiff suffered no adverse employment action.

## NINTH DEFENSE

Any employment action taken by The City regarding Plaintiff was for legitimate, non-discriminatory reasons, and as such, did not violate any legal rights possessed by her; however, even if Plaintiff's sex did play a motivating part in any employment action at issue, which it did not, the City would have taken the same employment action for legitimate, non-discriminatory reasons. Plaintiff's sex was not the but-for cause of any employment action at issue.

## TENTH DEFENSE

Plaintiff is not entitled to any damages or other relief requested—legal, equitable, or otherwise—in her Complaint; however, to the extent she is entitled to any damages or relief, which she is not, any such damages are limited by the provisions of Title VII and/or other applicable provisions of federal law or state law.

## ELEVENTH DEFENSE

The City denies that any causal connection exists between any alleged employment action (or omission) on the part of the City and any injury or damages

claimed by Plaintiff, the existence of which the City expressly denies.  Any damages that Plaintiff suffered were proximately caused by her own acts (or omissions) and/or by the acts (or omissions) of others for whom the City is not liable, or by other independent, intervening causes that the City did not control or have the duty to control.

## TWELFTH DEFENSE

Plaintiff has not alleged or suffered an injury actionable under 42 U.S.C. § 1983.

## THIRTEENTH DEFENSE

The Complaint is subject to dismissal, in whole or in part, by the doctrines of laches, estoppel, justification, avoidable consequences, after-acquired evidence, and/or unclean hands.

## FOURTEENTH DEFENSE

Any damages suffered by Plaintiff, the existence of which are expressly denied, were the direct and proximate result of her own actions or inactions. Additionally, and/or alternatively, to the extent any employee, official, or other agent or representative of Defendant engaged in the conduct alleged—which Defendant expressly denies—Defendant neither authorized nor ratified said conduct, said

- 4 -

conduct was outside the scope of employment of said employee, official, agent, or representative, and Defendant are not otherwise vicariously liable for said conduct.

## FIFTEENTH DEFENSE

Defendant is not liable for punitive damages for employment decisions by its managerial agents that were contrary to its own good-faith efforts to comply with state and federal law. To the extent any employee(s) engaged in any unlawful conduct directed towards Plaintiff, which Defendant denies, such actions were outside the scope and course of their employment and were not in furtherance of Defendant's business.

## SIXTEENTH DEFENSE

Defendant hereby reserves the right to amend this Answer and/or add additional affirmative defenses, or to withdraw affirmative defenses, after reasonable opportunity for appropriate discovery.

## SEVENTEENTH DEFENSE

Answering the numbered paragraphs of the Complaint:

## NATURE OF THE ACTION

1.

Defendant objects to the allegations in paragraph 1 of the Complaint because it is a narrative that fails to comply with Federal Rule 8(d)(1) and O.C.G.A. § 9-11-

8(e)(1).   To the extent an answer is required, Defendant denies the allegations generally, except as may be admitted below when the allegations are reasserted in separate statements by Plaintiff.

2.

Defendant objects to the allegations in paragraph 1 of the Complaint because it is a narrative that fails to comply with Fed.R.Civ.P. 8(d)(1) and OCGA § 9-11-8(e)(1).   To the extent an answer is required, Defendant denies the allegations generally, except as may be admitted below when the allegations are reasserted in separate statements by Plaintiff.

**THE PARTIES**

3.

Defendant admits that it employed Plaintiff from in or around January 2022 until in or around March 2023.  Except as specifically admitted herein, Defendant denies the allegations in Paragraph 3 of the Complaint.

4.

Defendant admits the allegations in Paragraph 4 of the Complaint.

**PERSONAL JURISDICTION**

5.

Paragraph 5 of the Complaint is an assertion of Georgia statutory law, to

- 6 -

which an answer is not required.  To the extent an answer is required, Defendant denies any allegations contained therein.

6.

Paragraph 6 of the Complaint is an assertion of Georgia statutory law, to which an answer is not required.  To the extent an answer is required, Defendant denies any allegations contained therein.

## SUBJECT-MATTER JURISDICTION AND VENUE

7.

Defendant admits the court has jurisdiction over this action. Defendant denies the remaining allegations in paragraph 7 of the Complaint.

8.

Defendant denies the allegations in Paragraph 8 of the Complaint.

9.

Defendant admits the allegations in Paragraph 9 of the Complaint.

## ALLEGED EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.

Defendant admits that Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about February 9, 2023, and an amended charge on or about April 11, 2023, through which Plaintiff

alleged sex discrimination (the "Charge").  Defendant further admits that Plaintiff

received a right-to-sue letter from the EEOC.  Except as specifically admitted herein,

Defendant denies the allegations in Paragraph 10 of the Complaint.

## FACTUAL ALLEGATIONS

### 11.

Defendant admits the allegations in Paragraph 11 of the Complaint.

### 12.

Defendant admits the allegations in Paragraph 12 of the Complaint.

### 13.

Defendant admits the allegations in Paragraph 13 of the Complaint.

### 14.

Defendant admits the allegations in Paragraph 14 of the Complaint.

### 15.

Defendant admits the allegations in Paragraph 15 of the Complaint.

### 16.

Defendant denies the allegations in Paragraph 16 of the Complaint.

### 17.

Defendant admits that its Planning & Zoning Department's functions include,

but are not limited to, reviewing rezoning applications, land use plan amendments,

special land use permits, and alterations or variances to the zoning code.  Except as specifically admitted herein, Defendant denies the allegations in Paragraph 17 of the Complaint.

18.

Defendant admits the allegations in Paragraph 18 of the Complaint.

19.

Defendant admits the allegations in Paragraph 19 of the Complaint.

20.

Defendant admits that, as a Senior Planner for the City, Plaintiff's responsibilities included, but were not necessarily limited to, performing various planning and community development tasks, such as the processing of applications, building permits, and business license requests, as well as monitoring of compliance with local zoning ordinances and codes.  Except as specifically admitted herein, Defendant denies the allegations in Paragraph 20 of the Complaint.

21.

Defendant admits the allegations in Paragraph 21 of the Complaint.

22.

Defendant denies the allegations in Paragraph 22 of the Complaint.

23.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore denies same.

24.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore denies same.

25.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies same.

26.

Defendant admits that Plaintiff notified the former City Manager, Janice Allen-Jackson, who later advised the City Attorney during a weekly meeting, that City zoning regulations did not permit livestock and/or indoor animal displays. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 26 of the Complaint.

27.

Defendant admits that City officials instructed Plaintiff to prepare a draft text amendment to the City's zoning ordinance, for consideration by relevant City officials, which draft would revise the language of the City's zoning ordinance to permit land animals and livestock in the space occupied by SeaQuest.

28.

Defendant admits that Plaintiff sent an email to a purported SeaQuest representative, Jessica DeJong, stating, "The ordinance will be tailored to benefit your establishment."  Except as specifically admitted herein, Defendant denies the allegations in Paragraph 28 of the Complaint.

29.

Defendant admits the allegations in Paragraph 29 of the Complaint.

30.

Defendant admits that City officials asked Plaintiff to make modifications to the draft amendment to the City's zoning ordinance, which Plaintiff prepared. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 30 of the Complaint.

31.

Defendant admits that, after Plaintiff presented the draft text amendment to

the City Council in a work session, the amendment was not passed for several months.  Except as specifically admitted herein, Defendant denies the allegations in Paragraph 30 of the Complaint.

32.

Defendant admits the allegations in Paragraph 32 of the Complaint.

33.

Defendant denies the allegations in Paragraph 33 of the Complaint.

34.

Defendant admits that the draft amendment was placed on the City Council's agenda for consideration at is session in January 2023.   Except as specifically admitted herein, Defendant denies the allegations in Paragraph 34 of the Complaint.

35.

Defendant admits the allegations in Paragraph 35 of the Complaint

36.

Defendant admits the allegations in Paragraph 36 of the Complaint.

37.

Defendant admits the allegations in Paragraph 37 of the Complaint.

38.

Defendant admits that, during a City Council Meeting, an Atlanta News First

("ANF") investigative reporter questioned Mayor Cobble regarding the March 7, 2023 email that Plaintiff wrote to DeJong, and that the archived online news article linked through the Complaint is the best evidence of the statement that ANF quoted from Mayor Cobble.  Except as specifically admitted herein, Defendant denies the allegations in Paragraph 38 of the Complaint.

39.

Defendant denies the allegations in Paragraph 39 as written.

40.

Defendant admits that it did not issue discipline to Plaintiff for her alleged comment to the ANF reporter following the City Council meeting.  Except as specifically admitted herein, Defendant denies the allegations in Paragraph 40 of the Complaint.

41.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore denies same.

42.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies

same.

43.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore denies same.

44.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore denies same.

45.

Defendant denies the allegations in Paragraph 45 of the Complaint.

46.

Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore denies same.

47.

Defendant denies the allegations in Paragraph 47 of the Complaint.

48.

Defendant admits that, on or around January 27, 2023, it placed Plaintiff on paid administrative leave pending investigation into her conduct and until a final decision had been made regarding potential discipline for same.  Answering further, Defendant admits that, upon notifying Plaintiff of her placement on paid administrative leave, it requested that Plaintiff surrender the City-issued keys and equipment then in her possession, consistent with its standard practice regarding any employee placed on paid administrative leave.  Except as specifically admitted herein, Defendant denies the allegations in Paragraph 48 of the Complaint.

49.

Defendant admits that Plaintiff sent Councilwoman Tara Graves, among others, a letter on or around January 31, 2023, and that the letter is the best evidence of the contents of this document.  Except as specifically admitted herein, Defendant denies the allegations in Paragraph 49 of the Complaint.

50.

Defendant admits that ANF aired an investigative report segment regarding SeaQuest, and that the video footage of the same is the best evidence of the contents of that segment.  Except as specifically admitted herein, Defendant denies Paragraph 50 of the Complaint.

51.

Defendant admits that the online posting of the investigative segment regarding SeaQuest is the best evidence of the contents of the same.  Except as specifically admitted herein, Defendant denies Paragraph 51 of the Complaint.

52.

Defendant denies Paragraph 52 of the Complaint.

53.

Defendant denies Paragraph 53 of the Complaint.

54.

Defendant admits that Plaintiff filed her initial Charge with the EEOC on or around February 9, 2023, and that the Charge is the best evidence of the contents of that document.   Except as specifically admitted herein, Defendant denies the allegations in Paragraph 54 of the Complaint.

55.

Defendant admits that the City delivered to Plaintiff a Notice of Recommended Disciplinary Action notifying her of her termination from employment with the City (the "Termination Notice"), and that the Termination Notice is the best evidence of the contents of the same.  Except as specifically admitted herein, Defendant denies the allegations in Paragraph 55 of the Complaint.

56.

Defendant admits that it was aware of Plaintiff's Charge at the time it informed her of her termination from the City's employ.  Except as specifically admitted herein, Defendant denies the allegations in Paragraph 56 of the Complaint.

57.

Defendant admits that the Termination Notice explains the reason for Plaintiff's termination from her employment with the City, and that the Termination Notice is the best evidence of the contents of that document.  Except as specifically admitted herein, Defendant denies the allegations in Paragraph 57 of the Complaint.

58.

Defendant denies the allegations in Paragraph 58 of the Complaint as written.

59.

Defendant denies the allegations in Paragraph 59 of the Complaint.

60.

Defendant admits that Ray White was placed on leave pending an investigation related certain allegations.  Except as specifically admitted herein, Defendant denies the allegations in Paragraph 60 of the Complaint.

61.

Defendant admits that DeAllous Smith was placed on leave pending an

investigation related to certain allegations.  Except as specifically admitted herein, Defendant denies the allegations in Paragraph 61 of the Complaint.

62.

Defendant denies the allegations in Paragraph 62 of the Complaint.

63.

Defendant denies the allegations in Paragraph 63 of the Complaint.

64.

Defendant admits the allegations in Paragraph 64 of the Complaint.

65.

Defendant admits that, as Interim Director of Planning & Zoning, Plaintiff assisted in the creation of the Pre-Development Review Team and an updating of the zoning application process.  Except as specifically admitted herein, Defendant denies the allegations in Paragraph 65 of the Complaint.

66.

Because the selection process for the Director of Zoning and Planning position was conducted by a third-party, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and, therefore, denies the same.

67.

Defendant admits the allegations in Paragraph 67 of the Complaint.

68.

Defendant denies the allegations in Paragraph 68 of the Complaint.

69.

Defendant denies the allegations in Paragraph 69 of the Complaint.

70.

Defendant admits the allegations in Paragraph 70 of the Complaint.

71.

Defendant denies the allegations in Paragraph 70 of the Complaint.

## COUNT I
## ALLEGED SEX DISCRIMINATION

72.

Defendant incorporates by reference all preceding paragraphs of the Answer as if fully set forth herein.

73.

Defendant denies the allegations in Paragraph 73 of the Complaint.

74.

Defendant denies the allegations in Paragraph 74 of the Complaint.

75.

Defendant denies the allegations in Paragraph 75 of the Complaint.

## COUNT II
## GEORGIA WHISTLEBLOWER ACT
## (O.C.G.A. § 45-1-4)

76.

Defendant incorporates by reference all preceding paragraphs of the Answer as if fully set forth herein.

77.

Paragraph 77 of the Complaint is an assertion of Georgia statutory law, to which an answer is not required.  To the extent an answer is required, Defendant denies any allegations contained therein.

78.

Defendant denies the allegations in Paragraph 78 of the Complaint.

79.

Defendant denies the allegations in Paragraph 79 of the Complaint.

80.

Defendant denies the allegations in Paragraph 80 of the Complaint.

81.

Defendant denies the allegations in Paragraph 81 of the Complaint.

## COUNT III
## ALLEGED SEX DISCRIMINATION
**(alleged failure to promote or hire in violation of the Equal Protection Clause of the Fourteenth Amendment, pursuant to 42 U.S.C.A. § 1983)**

82.

Defendant incorporates by reference all preceding paragraphs of the Answer as if fully set forth herein.

83.

Because the selection process for the Director of Zoning and Planning position was conducted by a third-party, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and, therefore, denies the same.

84.

Defendant denies the allegations in Paragraph 84 of the Complaint.

85.

Defendant denies the allegations in Paragraph 85 of the Complaint.

86.

Defendant incorporates by reference all preceding paragraphs of the Answer as if fully set forth herein.

87.

Defendant denies the allegations in Paragraph 87 of the Complaint.

- 21 -

88.

Defendant denies the allegations in Paragraph 88 of the Complaint.

89.

Defendant denies the allegations in Paragraph 89 of the Complaint.

90.

Answering the unnumbered paragraph following paragraph 89 of the Complaint, Defendant denies each and every allegation therein and further denies that Plaintiff is entitled to any relief whatsoever from Defendant.

93.

Defendant denies any and all unanswered allegations of the Complaint.

WHEREFORE having fully answered the Complaint, Defendant requests that the Complaint be dismissed, and that Defendant be awarded appropriate legal and equitable relief.

Respectfully submitted this 11th day of September 2023.

_s/Douglas H. Duerr_
Douglas H. Duerr
Georgia Bar No. 231772
Daniel F. Barrett
Georgia Bar No. 475652

ELARBEE, THOMPSON, SAPP &    WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.

Atlanta, GA 30303
(404) 659-6700
(404) 222-9718 (Facsimile)
duerr@elarbeethompson.com
barrett@elarbeethompson.com

*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| KEEDRA JACKSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| | ) | 1:23-cv-03498-SDG-JKL |
| v. | ) | |
| | ) | |
| CITY OF STONECREST, GA, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT CITY OF STONECREST'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S COMPLAINT** was served on counsel for Plaintiff via the Court's CM\ECF as follows:

Artur Davis
HKM Employment Attorneys
2024 3rd Ave. North, Suite 307
Birmingham, AL 35203
adavis@hkm.com

Kendra Livingston
HKM Employment Attorneys
3344 Peachtree Road NE, Suite 800
Office # 35
Atlanta, GA 30326
klivingston@hkm.com

Respectfully submitted, this 11th day of September, 2023.

_/s/ Douglas H. Duerr_
Douglas H. Duerr
Georgia Bar No.: 231772

ELARBEE, THOMPSON, SAPP &    WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303
(404) 659-6700
(404) 222-9718 (Facsimile)
duerr@elarbeethompson.com

_Counsel for Defendant_

- 2 -